IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:23cr19-001

ROBERT EDGAR ENGLISH

### DEFENDANT ROBERT EDGAR ENGLISH'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Robert Edgar English, and as and for his Position Paper, respectfully states the following:

### OBJECTIONS

1. The defendant respectfully objects to the proposed Adjustment for Obstruction of Justice at Paragraphs 23, 31, and 38 of the PSI, on the ground that the evidence is insufficient to support a finding of obstruction by a preponderance of the evidence.

More specifically, the PSI states as follows:

> The defendant directed CC-1 not to speak with law enforcement during their investigation. In addition, the defendant intended to pay his roommate $2,000 to testify on his behalf to the Court.

PSI at Paragraph 23.

The defendant respectfully submits that the above allegations are taken out of context as the defendant did not intend to obstruct or impede justice.

As to the first assertion that he "directed CC-1 not to speak with law enforcement," the defendant recalls being contacted by CC-1 who had a number of questions about whether his conduct was lawful and how he should approach the matter. The defendant acknowledges that he told CC-1 that he had a right not to speak with law enforcement and that he should exercise that right. The defendant's intent was not to commit a willful

1

obstruction but, rather, to assist CC-1 in understanding that he was not obligated to speak and that he should not do so. While perhaps imprudent to insert himself that deeply into the investigation, defendant nonetheless did not harbor the specific intent to willfully obstruct.

As to the second assertion that he "intended to pay his roommate $2,000," this assertion, again, is taken out of context. The defendant recalls that he had asked the roommate and the roommate's girlfriend to be witnesses in the case as the defendant believed they had potential material testimony on his behalf. Such an outreach by defendant to potential witnesses is neither obstruction nor unlawful on its face. The defendant further recalls that the roommate and the girlfriend became "livid" because they were both apparently both experiencing work difficulties at the time and contended that they could not afford to be preoccupied with having to be in Court without any compensation for a long period of time. Accordingly, the defendant offered to compensate them for the loss of time and/or income and such other inconvenience that they would suffer by being tied up as witnesses, which amount he reasonably believed to be somewhere in the range discussed.

Again, while perhaps an ill-advised attempt to compensate witnesses for their time and impacts on their income, defendant likewise harbored no willful intent to obstruct and was merely trying to accommodate the witnesses' purported financial sacrifices by having to be witnesses.

In conclusion, the defendant respectfully submits that, based on the foregoing proffer, the Government's evidence is insufficient to support a finding of obstruction by a preponderance of the evidence.

2. The defendant respectfully objects to the proposed denial of a downward Adjustment for Acceptance of Responsibility at Paragraph 24 of the PSI, on the grounds that: (a) as argued above, the obstruction adjustment should not be applied; and, (b) even if,

*arguendo,* the obstruction adjustment were applied, the defendant still warrants a finding of acceptance, as while the presence of an obstruction enhancement "<u>ordinarily</u> indicates that the defendant has not accepted responsibility for his criminal conduct," (emphasis added), "[t]here may, however, be extraordinary cases in which adjustments under both… may apply." U.S.S.G. §3E1.1, Application Note 4.  The defendant respectfully submits that, for reasons to be discussed, this is such a case.

First, even if*, arguendo,* the conduct challenged under Objection 1. above could even be said to be obstruction, the level of obstruction is both extenuated and mitigated by the context within, and the circumstances under which, the alleged conduct occurred.  Thus, without conceding the conduct rises to the level of obstruction, the defendant respectfully submits that it lacks any egregious features, is borderline at best for the Government, and does not strongly compel a finding that acceptance could not still be awarded.

Second, the defendant has otherwise accepted responsibility in that:

> defendant admitted his guilt in court at the time of his guilty plea. He was interviewed by the probation officer and provided a statement wherein he admitted his involvement in the offense and advised that he agreed that the Statement of Facts is true and accurate.

PSI at Paragraph 24.

Third, the defendant has also engaged in certain very positive behavior which will be the subject of a separate filing under seal by defense counsel, which information is highly pertinent to acceptance, but which must be reviewed *in camera* by the Court.

In sum, even if, *arguendo*, obstruction is present, which the defendant respectfully denies, the defendant respectfully submits that the combination of the foregoing factors on his behalf justifies a finding by the

3

Court that this is one of those "extraordinary cases in which adjustments under both may apply." U.S.S.G. §3E1.1, Application Note 4.

3. The defendant respectfully objects to Paragraph 28 of the PSI, on the ground that the evidence is insufficient to establish by a preponderance of the evidence that, "the defendant used or possessed any firearm or ammunition in connection with another felony offense."

Counsel has carefully examined the Statement of Facts in this case but is unable to identify "another felony offense" in which the defendant actually "used or possessed" a firearm.

While the defendant acknowledges that he was a party to a so-called "straw purchase" by a specific individual from a federally licensed firearm retailer in Chesapeake, the defendant respectfully submits that the acquisition of the weapon itself is essentially the offense to which he has pleaded guilty, to-wit, the possession of a firearm by a convicted felon. The proposed enhancement seems to contemplate not the offense conduct itself in acquiring the weapon in violation of the defendant's status as a prohibited person, but the contemporaneous, or subsequent, use/possession of the weapon to facilitate another offense with the firearm. Again, defendant can find no such other offense in the Statement of Facts in which the prohibited firearm was utilized.

4. The defendant respectfully objects to Paragraph 34 on the ground that the evidence is insufficient to establish by a preponderance of the evidence that, "the offense involved conduct evidencing an intent to carry out such threat.".

The defendant respectfully denies any "conduct evidencing an attempt to carry out" the "threat" comprising the basis of the guilty plea to Count 2.

Rather, the defendant respectfully submits that he was frustrated with not being able

4

to seeing his child as he had been told he could in 2021, and therefore out of a sense of frustration and hurt, he communicated the statements to the baby's mother, N.M. He never meant to harm nor cause any injury to his baby's mother and, again, was venting and frustrated with no present intention to carry out any harmful conduct.

## SECTION 3553 (a) FACTORS

18 U.S.C. Section 3553 (a) directs that, "The court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of that subsection.

The PSI proposes a total Offense Level of 29 and a Criminal History Category VI, for an initial proposed Advisory Guidelines range of 151-188 months.

However, based on the foregoing Objections, particularly 1., 2., and 3., which defendant respectfully submits are well-founded, were the Court to sustain the foregoing Objections, then a revised total Offense Level of 20 would ensue, yielding a new proposed Advisory Guideline range, with a Criminal History Category VI, of 70-87 months.

Accordingly, the defendant respectfully submits that, under all of the facts and circumstances of this case, a sentence at the midpoint of such potential revised range, i.e., 78 months (6 and a ½ years), is sufficient but not greater than necessary.

## Nature and Circumstances of the Offense

The defendant has pleaded guilty to Counts One and Two of the Criminal Information, to-wit, Felon in Possession of Firearm and Interstate Threatening Communication, respectively.

First, as pointed out above, according to the PSI at Paragraph 24:

> The defendant admitted his guilt in court at the time of his guilty plea. He was interviewed by the probation officer and provided a statement wherein he admitted his involvement in the offense

5

and advised that he agreed that the Statement of Facts is true and accurate.

Second, as indicated in Paragraph 22 of the PSI, "There are no aggravating… adjustments for the defendant's role in the offense."

Accordingly, based on all of the foregoing, the defendant respectfully submits that the nature and circumstances of the offense support the conclusion that a sentence of 78 months (6 and ½ years) is sufficient but not greater than necessary under the circumstances.

### History and Characteristics of the Defendant

The defendant is presently 40 years old. He was born in Norfolk, Virginia to Victor English and Joanne Bright Barnes.

The defendant did not have the benefit of a father figure in his life from his early years at age 8 until he was an adult at age 18, constituting a decade of an absent father figure during his most formative years. Defendant advises that his parents separated when he was 8 years old and eventually got a divorce some years later. The defendant reports that after his parents separated, he was raised solely by his mother and did not hear from his father again until he was about 18 years of age. The defendant reports that his father has a criminal record and was incarcerated at the age of 62 for a criminal conviction (PSI at Paragraph 93).

Moreover, the defendant was the victim of horrific family abuse, again from the tender age of 6 until early adolescence at age 14, again spanning very important formative years. The defendant reports extensive physical, mental, and emotional abuse by his family members including his father, mother, and brother from the time he was 6 years old until he was about 14 years old. He advises that these members of his family would take out their

6

frustrations on him by using various objects such as belts, hangers, tree branches, and closed fists to hit him. He reports being verbally belittled and degraded by his mother. The defendant reports that other adults in his life were aware of the abuse but no one stepped in to address the situation. (PSI at Paragraph 94).

Additionally, the defendant was an innocent victim of a very violent crime. The defendant reports being the victim of a robbery at the age of 18, during which time he was shot and spent a night in the hospital. He reports that this was a traumatic life event for him. (PSI at Paragraph 95). The defendant has a scar on his lower right side where a bullet was removed from when he was shot in the aforementioned robbery. (PSI at Paragraphs 104-105).

The defendant reports that his mother married Edward Barnes who currently resides in Boykins, VA. He reports that they are currently separated but not divorced. He reports having one full brother for which their relationship is currently strained. He reports having two paternal half-siblings which he knows very little about. (PSI at Paragraphs 96-98).

The defendant reports having married LaKia Alicestine English when he was approximately 19 years old. He reports that they separated one year after marriage. The defendant reports providing for his wife financially and emotionally to the best of his ability. He reports that he does not have any contact or relationship with Lakia at this time. (PSI at Paragraph 99).

The defendant reports having two children: a 6-year-old son with Malisha Canty and a 4-year-old daughter with N.M. (the victim of the instant offense). (PSI at Paragraphs 100-101).

The defendant also suffers from significant mental health diagnoses. The defendant reported being diagnosed with post-traumatic stress disorder and bi-polar disorder in 2008.

He reported that he had not previously received treatment for these mental health issues. He reports that since being incarcerated for the instant offense he has been prescribed Seroquel and Zoloft for treatment which he takes daily. He also reports that since being incarcerated for the instant offense he has been attending anger management and trauma treatment. The defendant reports he feels stable and would like to continue his mental health treatment. (PSI at Paragraph 106). Accordingly, the defendant respectfully requests that the Court include in its Sentencing Order a recommendation for mental health evaluation and treatment in the BOP.

The defendant reports extensive substance abuse issues. He reports first consuming alcohol when he was 11 years old. He reports having abused alcohol throughout his 20's and would drink until he blacks out. He reports that he stopped drinking alcohol in 2003 and resumed drinking alcohol socially in 2022. (PSI at Paragraph 107).

The defendant reports first using marijuana at the age of 11. He reports using marijuana extensively to self-medicate due to mental health issues. He reports that he would smoke up to 4 marijuana cigarettes a day and that the only time he was not smoking marijuana was during periods of incarceration. (PSI at Paragraph 108).

The defendant also reports years of substance abuse involving cocaine, "Molly", and ecstasy. He reports having used heroin twice. (PSI at Paragraphs 109-112). In light of the foregoing, the defendant also respectfully requests that the Court include in its sentencing recommendation that defendant be admitted to the RDAP program, also with the BOP.

To his credit, the defendant has made a laudable effort at education. He attended Nansemond River High School until 2000. He received his GED in 2001. The defendant reports receiving his commercial driver's license in 2016. The defendant reports attending school at the ASA institute in Brooklyn, New York, Brier Cliffe University in Long Island, New

York, and Tidewater Community College in Virginia (PSI at Paragraphs 113-114).

Further to his credit, the defendant contributed to the armed forces, reporting that that he was a member of the United States Army National Guard from 2002 until 2004 where his highest rank was an E-1. (PSI at Paragraph 116).

In sum, the defendant respectfully submits that his history and characteristics contain substantial extenuation and mitigation both providing insight into the poor judgment leading to the offense conduct as well as explaining certain deficits and deprivations throughout the defendant's life that would, predictably, lead to his current dilemma. These factors include: an absent father figure during his formative years; horrific abuse by family members; being the victim of an armed robbery and bearing a lifelong physical scar from being shot; a constellation of mental health diagnoses; and, an extensive substance abuse problem no doubt reflecting self-medication in connection with the foregoing negative life experiences and circumstances.

On the other hand, that the defendant seems to value educational goals, genuinely cares about his children, and served the country in the Army National Guard for several years, bode well for future progress.

Accordingly, the defendant respectfully submits that a sentence of 78 months (6 and ½ years) is sufficient but not greater than necessary.

### Reflecting the Seriousness of the Offense; Promoting Respect for the Law; and Need for Just Punishment.

For the same reasons expressed above, the defendant respectfully submits that a sentence of 78 months (6 and ½ years) is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.  Under the totality of the circumstances of the offense and the defendant's

history and characteristics, a 78-month prison sentence is sufficient but not greater than necessary.

### Deterrence

Finally, as touched upon above, the defendant again respectfully submits that a 78-month prison sentence is sufficient but not greater than necessary to assure both general and specific deterrence.

As to general deterrence, the public certainly would consider a 6 and ½ year-sentence for a young man with two young children to be a sentence of impact that would send a message to others. Indeed, a 6 and ½-year sentence is hardly a "cakewalk," but, rather is a significant and meaningful sentence.

### CONCLUSION

For the foregoing reasons, the defendant respectfully submits that the Court should impose a sentence of 78 months (6 and ½ years) as being sufficient but not greater than necessary.

ROBERT EDGAR ENGLISH
By:_____/s/_____
         Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Maurice Sanders
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: sacks@lawfirmofsacksandsacks.com

### CERTIFICATE OF SERVICE

10

I hereby certify that on this 27th day of February, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Anthony C. Mozzi, Esquire
Special Assistant United States Attorney
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
Phone: (757) 441-6331
Facsimile: (757) 441-6689
E-mail: Email: Anthony.Mozzi@usdoj.gov

/s/
Andrew M. Sacks, Esquire

I hereby further certify that on this 27th day of February, 2024, a copy of the foregoing was e-mailed to U.S. Probation Officer Nicole Pender.

/s/
Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Maurice Sanders
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com
F:\IC\ENGLISH Robert\PositionSentFactors.2 22 2024.docx

11